UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

*Plaintiff,*

v.                                    CASE No: 1:15-CR-33

AARON HICKS,

*Defendant.*

---

### DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL

Dated:    November 10, 2017
          Buffalo, New York

                              */s/ Robert Ross Fogg*
                              ROBERT ROSS FOGG, ESQ.
                              Counsel for Defendant
                              *AARON HICKS*
                              Law Office of Robert Ross Fogg, Esq., LL.M.
                              69 Delaware Avenue, Suite 600
                              Buffalo, New York 14202
                              Tel: (716) 853-3644  Fax: (716) 852-6782
                              rfogg@rfogglaw.com

TO:     Paul Parisi and Wei Xiang, AUSAs
        for the Western District of New York

## PRELIMIANY STATEMENT

At the top, it must be stated in reply to the government's response that a codefendant's conviction from a separate trial has no bearing on the present case and motion—there were different juries, defendants and sets of evidence.  For the government to build its responsive argument on what happened in a completely different trial, for a completely different defendant, undermines their argument and highlights weaknesses.  Furthermore, submission of post-trial responsive pleadings does not open the door for the government to retry the case in writing.

Defendant HICKS reasserts, supplements and incorporates by reference his Motion for a Judgment of Acquittal, dated October 22, 2017, filed October 23, 2017.  Docket No. 255.

## GOVERNMENT'S CHOICE—JURY REJECTED A FINDING OF COCAINE AND COCAINE BASE CONSPIRACIES

As in Homer's Greek mythology of *Scylla* and *Charybdis[1]*, the government must choose between two inescapable positions, from either of which they are precluded to retry all Counts:

1) Validate the Jury's guilty verdict on Count 2 and ensure preclusion of a new trial on Count 1; or
2) Concede legal insufficiency of the Jury's guilty verdict on Count 2 and end the criminal action with no conviction.

In navigating between these two hazards, the government has opted to press legal sufficiency of the Jury's guilty verdict on Count 2.  In doing so, the government must accept the evidence presented at trial.

---

[1] Homer, Odyssey, Book XII. *Scylla* and *Charybdis* were Greek mythological sea monsters on opposite sides of the Strait of Messina between Sicily and the Italian mainland. Sea hazards to passing sailors, they were located close enough to each other that they posed an inescapable threat; avoiding *Charybdis* meant passing too close to *Scylla* and vice versa. From this mythology grew several idioms, one of which is "between a rock and a hard place."

In the present case, HICKS was charged in a three-count indictment with Count 1 (RICO conspiracy), Count 2 (narcotics conspiracy) and Count 3 (possession of a firearm in furtherance of narcotics trafficking).  As to the Count 2 narcotics conspiracy, the Jury was permitted to choose one or more of three possible drugs—marihuana, cocaine or cocaine base.  After presentment of the government's case-in-chief, the Court denied Defendant's directed verdict and permitted the three-count indictment to go to the Jury.  The Jury found HICKS not guilty of Count 3, was "hung" on Count 1 and found HICKS guilty of Count 2 as to marihuana _only_.

Here, the jury did not find HICKS guilty of conspiracy to traffic cocaine or cocaine base, but rather marihuana _only_.  Sufficient proof of _only_ marihuana distribution conspiracy means insufficient proof of cocaine and cocaine base distribution conspiracies.  Cocaine and cocaine base distribution conspiracies are the underlying predicate acts for the Count 1 RICO conspiracy charge and the mainstays of Contreras and James' testimony.  In finding HICKS guilty of a marihuana conspiracy _only_, the Jury rejected a finding of guilty as to a cocaine and cocaine base conspiracies.  A Jury rejection of cocaine and cocaine base conspiracies is a rejection of that part of the testimonies of Contreras and James.

The government argues that it had, at best, proven a marihuana distribution conspiracy against HICKS through the testimony of Julio Contreras and DeMario James.  This argument presupposes that the corollary is also true and applicable— the Jury discredited the testimony of Contreras and James as it relates to a conspiracy to distribute cocaine or cocaine base.

It is inconceivable that the Jury would credit only that part of Contreras and James' testimony related to a conspiracy to distribute marihuana while rejecting that part related to cocaine and cocaine base distribution conspiracies.

In any event, accepting the government's position as true necessarily means that the government had failed to prove the cocaine and cocaine base distribution conspiracies, which are the essential acts vital to Counts 1 and 2.

### PRECLUSION FROM RETRYING COUNT 1
### UNDER ESTOPPEL AND DOUBLE JEOPARDY

Under Count Two (narcotics conspiracy), the government had alleged the same conspiracies as in Count One (RICO conspiracy); that is, it had alleged the same massive three-drug conspiracies. The glaring preclusion effect of the Jury's verdict was apparent to the government and the premise of HICKS' Rule 29 motion. To be sure, on Tuesday, October 24, 2017, the government conceded this possibility in open court when asked by the Court whether the government will be seeking to retry HICKS on Count 1 (RICO conspiracy). In response to the Court, the government advised that they may be estopped from retrying HICKS on Count 1 and that they will have to research the issue.

In their responsive submission, the government does not report the findings of their estoppel research, but instead merely engages in abject supplication to the Court. The government's argument is not based on legal reasoning or logic, but merely revisits facts and evidence immaterial to the jury verdicts and HICKS' Rule 29 Motion. Idiomatically, the government can't have it both ways: If the Jury's guilty verdict on the Count 2 marihuana conspiracy was based on Contreras and James' testimonies, then the testimonies of Contreras and James cannot support the Count 1 RICO conspiracy.

As applied to this particular case, the Supreme Court's "same conduct" test announced in *Grady v Corbin*, 495 US 508, 110 S Ct 2084, 109 L Ed 2d 548 (1990), bars prosecution of Count 1 and 2 of the HICKS indictment. Consequently, as Counts 1 and 2 rest, at least partially, on overt acts for which HICKS has been previously prosecuted, the criminal allegations may not

remain in a subsequent retrial or indictment against HICKS.  *US v Gambino*, 920 F.2d 1108,

1112 (2d Cir 1990).

Moreover, the government's argument that the Jury's verdict on the Count 2 narcotics

conspiracy was correct and just necessarily precludes the government from retrying HICKS on

the Count 1 RICO conspiracy under the principles of collateral estoppel and double jeopardy.

US Const amend V; *US v Calderone*, 917 F2d 717 (2d Cir 1990).

Accordingly, the Court should grant HICKS' motion for a judgment of acquittal as to

Count 1 of the indictment.

## JUDGMENT OF ACQUITTAL ON COUNT 2

The Court should grant HICKS' motion for a judgment of acquittal on Count 2, not based

on witness credibility, but rather because the Jury's guilty verdict evolved from the testimony of

HICKS under the relentlessly exacting and unobstructed cross-examination by the government.

To be sure, after the government presented all its trial evidence of RICO conspiracy,

narcotics conspiracy and firearm possession in furtherance of the RICO conspiracy and after the

close of all trial evidence, the Jury reported the following:

> "We are at an impass (*sic*).  Looking for further direction from the court."  (Court
> Exhibit No. 9).

The Jury was provided with legal instructions and directed to continue deliberation.

Upon further deliberation and after receiving readbacks of the sworn testimony of the

government's witnesses—DeMario James and Julio Contreras—the Jury reported the following:

> "We are not close to a unanimous decision on any of the counts.  We are arguing
> and don't feel we will ever come to unanimous decisions.  We can't even agree on
> basic terms like what a group is."  (Court Exhibit No. 15).

Obviously, the testimonies of James and Contreras were immaterial and not dispositive

on any count.

It was only after receiving further legal instructions, receiving an *Allen* charge, being directed to continue deliberating and listening to requested readback of HICKS' cross-examination testimony did the Jury find a guilty verdict on Count 2 for a marihuana distribution conspiracy *only*.  Obviously, the testimony of HICKS was material and dispositive on Count 2. However, there was no trial evidence of a conspiracy to distribute marihuana presented during HICKS' testimony.

## CONCLUSION

No matter what position the government takes on the Count 2 narcotics conspiracy charge, the result is that the government is precluded from retrying HICKS on the Count 1 RICO conspiracy charge.

The only decision remaining for this Court is whether to enter a judgement of acquittal on the Count 2 marihuana conspiracy charge for want of the necessary elements of conspiracy and the government's failure to criminally charge HICKS with or request a jury charge for the lesser included offense of narcotics (marihuana) possession.

WHEREFORE, Defendant, HICKS, by and through his undersigned attorney, requests that the Court grant HICKS' motion for a Judgment of Acquittal on Count 1 (RICO conspiracy) and Count 2 (narcotics conspiracy).

Dated:   November 10, 2017
         Buffalo, New York

                                   */s/ Robert Ross Fogg*
                                    ROBERT ROSS FOGG, ESQ.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA,

*Plaintiff,*

v.                                                    Case No:  1:15-CR-33

AARON HICKS,

*Defendant.*

———————————————————————

### CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2017, I electronically filed Defendant's Reply to the Government's Response to Defendant's Motion for a Judgment of Acquittal, dated November 10, 2017, on behalf of the interested parties with the Clerk of the District Court using the CM/ECF system.

I further hereby certify that on November 10, 2017, a copy of the foregoing was also delivered to the following using the CM/ECF System.

> United States Attorney's Office
> Paul Parisi, AUSA
> Wei Xiang, AUSA
> 138 Delaware Avenue
> Buffalo, New York 14202

Dated:    November 10, 2017
          Buffalo, New York

                                    */s/ Robert Ross Fogg*
                                    ROBERT ROSS FOGG, ESQ.