```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA,       )
                                ) Case No. 1:15-CR-00033
                                )            (RJA)(HBS)
             Plaintiff,         )
                                )
vs.                             ) May 1st, 2017
                                )
AARON HICKS,                    )
                                )
             Defendant.         )


                    TRANSCRIPT OF ORAL ARGUMENT
              BEFORE THE HONORABLE RICHARD J. ARCARA
                 SENIOR UNITED STATES DISTRICT JUDGE



APPEARANCES:

For the Plaintiff:    JAMES P. KENNEDY, JR.
                      UNITED STATES ATTORNEY
                      BY:  PAUL PARISI, ESQ.
                           WEI XIANG, ESQ.
                      ASSISTANT UNITED STATES ATTORNEYS
                      138 Delaware Avenue
                      Buffalo, NY 14202

For the Defendant:    ROBERT ROSS FOGG, ESQ.
                      69 Delaware Avenue, Suite 600
                      Buffalo, NY 14202

Court Reporter:       MEGAN E. PELKA, RPR
                      Robert H. Jackson Courthouse
                      2 Niagara Square
                      Buffalo, NY 14202
```

08:55AM  1     THE CLERK:  Criminal action 2015-33A.  United States
08:55AM  2  vs. Aaron Hicks.  Oral argument on defendant's motion to
08:55AM  3  revoke Magistrate Judge Hugh B. Scott's order denying pretrial
08:55AM  4  release.  Counsel, please state your name and the party you
08:55AM  5  represent for the record.
08:55AM  6     MR. XIANG:  Paul Parisi and Wei Xiang for the
08:55AM  7  government.
08:55AM  8     MR. FOGG:  Good morning, Your Honor.  Robert Ross
08:55AM  9  Fogg with Mr. Hicks, present in court.
08:55AM 10     THE COURT:  Good morning.
08:55AM 11     MR. XIANG:  Good morning.
08:55AM 12     MR. FOGG:  Good morning.
08:55AM 13     THE COURT:  Mr. Fogg, you're up.
08:55AM 14     MR. FOGG:  Yes, Judge.  Your Honor, as you know, on
08:55AM 15  behalf of Mr. Hicks, we filed a motion for pretrial release.
08:55AM 16  We did have discussions about his conditions of bail,
08:55AM 17  detention issue.  We had these issues already before Judge
08:56AM 18  Scott.  So, while the government states that this is a review
08:56AM 19  of that, at least a rehashing of that or reopening, yes,
08:56AM 20  Judge, it would actually be.
08:56AM 21     Now, the purpose for that, Your Honor, I came across
08:56AM 22  a case and the case was *United States v. Enix* and that's the
08:56AM 23  one case where the Honorable Elizabeth A. Wolford decided on
08:56AM 24  facts and circumstances very similar to this case.  And the
08:56AM 25  judge there focused on the first factor, which appeared to be

```
08:56AM    1   satisfied, but then the remaining factors were kind of
08:56AM    2   overlooked, overshadowed, at least not considered.  Based on
08:56AM    3   that, the Honorable Wolford granted his release.
08:56AM    4          Now, every case can be distinguished and that's true.
08:56AM    5   Not every case is right on point, but the case of
```
*U.S. v. Enix*
```
08:57AM    6   was one which there's a RICO charge, there are murder charges,
08:57AM    7   but none of which brought directly against the individual.
08:57AM    8   Also, there are accusations that he may have been involved.
08:57AM    9   The one thing that we definitely differ in that case is the
08:57AM   10   defendant in that case didn't have a criminal history.  My
08:57AM   11   client does.  My client doesn't have a criminal history that
08:57AM   12   is so outrageous that could not overcome the presumption.
08:57AM   13          So, the reason why we brought this motion, I know
08:57AM   14   Your Honor reviewed the documents, as the Court always does
08:57AM   15   and I went into great detail trying to be mindful of the
08:57AM   16   Court's consideration as far as lengthiness, but I had to
08:57AM   17   address each point as Judge Wolford did; otherwise, you would
08:57AM   18   not see the analogy.
08:57AM   19          And in this case, there was an individual who
08:58AM   20   actually proffered information about a death; a death in which
08:58AM   21   during the detention hearing, that was something that was at
08:58AM   22   issue and gave Judge Scott great concern.  Subsequent to that
08:58AM   23   hearing, this individual proffered evidence and basically
08:58AM   24   stated that he was following Mr. Hicks in his car and out of
08:58AM   25   some sort of circumstance, he was able to pull Mr. Hicks over.
```

08:58AM   1   When they got out of the car, somebody came out of an area, a
08:58AM   2   cut, woods or something and started shooting.  Now, Mr. Hicks
08:58AM   3   was in the flay of the bullets as well.  There were three
08:58AM   4   people in that car.  They all start ducking, start running.
08:58AM   5   Mr. Hicks ran, a girl that was in the car ran and the two
08:59AM   6   gentleman, one of them got hit and one was killed.
08:59AM   7              If that's the case, then how can you say by, I guess,
08:59AM   8   a fortuitous situation that Mr. Hicks was involved in that,
08:59AM   9   other than being in a shooting spree where he was or could
08:59AM   10  have been shot as well?  Now, that person proffered that and
08:59AM   11  that was one of the major issues that was brought up in the --
08:59AM   12  I don't know if there's another accusation, but as I know it,
08:59AM   13  subsequent to the detention hearing, these are the things that
08:59AM   14  I discovered.
08:59AM   15             And if that's the case, then Judge Scott's concern
08:59AM   16  with regard to his involvement with murder or his involvement
08:59AM   17  in orchestrating one is not there, because even in some of the
08:59AM   18  3500 material, it suggests that Mr. Hicks happened to be in a
08:59AM   19  certain area and the same thing was recited.
08:59AM   20             Now, when I start looking over it, I did some across
08:59AM   21  *Enix.*  And with *Enix*, it was the same kind of situation,
09:00AM   22  except *Enix* was nowhere around.  But here, nobody points to my
09:00AM   23  client doing anything, orchestrating anything, agreeing to
09:00AM   24  anything.  So, since Judge Scott's major concern was that --
09:00AM   25  the accusation of murder, later on, what I find is that there

09:00AM  1   was no accusation of murder.  There was maybe some sort of my
09:00AM  2   client was simply around when somebody was murdered, but being
09:00AM  3   shot at as well as the other -- two other individuals who all
09:00AM  4   ran.
09:00AM  5           THE COURT:  The government also says that your client
09:00AM  6   was the point man for bringing drugs in from Texas to Buffalo,
09:00AM  7   which is not factor as to his involvement in this drug
09:00AM  8   activity.
09:00AM  9           MR. FOGG:  I know, Judge and that does bring some
09:00AM 10   concern because I believe the only thing that might be -- and
09:00AM 11   I've reviewed some of the material, I thank the government for
09:01AM 12   providing it, but what I see is certain individuals
09:01AM 13   postulating on circumstances, not getting great detail and
09:01AM 14   just saying in theory how things work and then throwing his
09:01AM 15   name in it, but nevertheless, that was something that was
09:01AM 16   mentioned.  There was no documentation presented before Judge
09:01AM 17   Scott and Judge Scott properly just focused, as he did on the
09:01AM 18   murder, but in doing that, failed to consider all the other
09:01AM 19   requirements.
09:01AM 20           THE COURT:  Now, he had a number of other convictions
09:01AM 21   and while he was -- I'm not sure I fully know exactly what
09:01AM 22   happened here, but he was on parole?
09:01AM 23           MR. FOGG:  Probation.
09:01AM 24           THE COURT:  Probation and he committed other criminal
09:01AM 25   acts while he was on probation?

09:01AM    1             MR. FOGG:  No, Your Honor.  What transpired -- and I
09:01AM    2   don't know if counsel for the government or pretrial services
09:02AM    3   would disagree, but most recently, he was on probation.  He
09:02AM    4   was arrested because there was an accusation of some sort of
09:02AM    5   burglary.  What transpired is that was one of the reasons why
09:02AM    6   I was reserving my right to bring a bail motion later was
09:02AM    7   because the accusation was false.  It was dismissed in Buffalo
09:02AM    8   City Court, but because of the arrest, he was placed in, I
09:02AM    9   guess, revocation status.
09:02AM   10             To resolve that issue, they revoked and restored with
09:02AM   11   six months.  Now, one would say okay well, there you go, but
09:02AM   12   that's -- but the only basis for the revocation was a new
09:02AM   13   arrest; an arrest in which, ultimately, was actually dismissed
09:02AM   14   and found unsubstantiated.
09:02AM   15             THE COURT:  All right.  What's the government's
09:02AM   16   position on this?
09:02AM   17             MR. PARISI:  Your Honor, the government's position is
09:02AM   18   that the defendant should be detained and that there exists no
09:03AM   19   factors or combination of factors that the defendant could
09:03AM   20   be -- show up to court and ensure that he would not be a
09:03AM   21   danger to the community.  Just with respect to the last point
09:03AM   22   since were discussing it, I believe the allegations are that
09:03AM   23   while he was on probation, he had two stints of probation
09:03AM   24   through county court probation.  The allegations in the
09:03AM   25   current indictment, the overt acts that this defendant is

09:03AM  1   alleged to have committed occurred while he was on probation

09:03AM  2   both the first time in 2008 and the second time in 2014 and

09:03AM  3   there has since been a violation of probation based on new

09:03AM  4   arrests.  I believe the defendant admitted the violation of

09:03AM  5   probation and received a six-month sentence to the newest

09:03AM  6   violation of probation.

09:03AM  7              With respect to the factors under 3142(g), I believe

09:03AM  8   Mr. Fogg concedes the nature of the charged offenses.  This

09:03AM  9   first factor weighs in favor of finding the defendant has not

09:04AM  10  rebutted the presumption that exists --

09:04AM  11             THE COURT:  If he's found guilty of these charges, is

09:04AM  12  he facing a lifetime imprisonment?

09:04AM  13             MR. PARISI:  Yes.

09:04AM  14             THE COURT:  That's not the typical case, Mr. Fogg,

09:04AM  15  when somebody is facing that kind of a penalty if he's

09:04AM  16  convicted.  Of course, that's a big if here, but still.

09:04AM  17             MR. FOGG:  Yes.  And that's, you know, the high end,

09:04AM  18  the maximum end.  It's not the minimum.

09:04AM  19             MR. PARISI:  Your Honor, I believe it is the minimum

09:04AM  20  in this case.

09:04AM  21             THE COURT:  The minimum is life?

09:04AM  22             MR. PARISI:  The minimum is life.

09:04AM  23             MR. FOGG:  And that could be under which count?

09:04AM  24             THE COURT:  Which count is that under?

09:04AM  25             MR. PARISI:  It's under the -- we filed the 851's in

7

| | | |
|---|---|---|
| 09:04AM | 1 | this matter based on the defendant's prior narcotics |
| 09:04AM | 2 | convictions and that would be under the drug conspiracy count. |
| 09:04AM | 3 | MR. FOGG: Under marijuana possession. |
| 09:04AM | 4 | THE COURT: Okay. Well, whatever it is, he's facing |
| 09:04AM | 5 | a substantial period of time here. |
| 09:04AM | 6 | MR. FOGG: Understand, Judge. |
| 09:04AM | 7 | THE COURT: Which works against your argument. |
| 09:04AM | 8 | MR. FOGG: It does work against the argument; |
| 09:04AM | 9 | however, there are other factors at work for the argument and |
| 09:05AM | 10 | with regard to that, following Judge Wolford's lead, she had |
| 09:05AM | 11 | an inordinate and very detailed list of conditions that would |
| 09:05AM | 12 | satisfy the Court's belief or feeling that he would not be a |
| 09:05AM | 13 | threat to the community and that he would return. I actually |
| 09:05AM | 14 | parroted those things and added a few other things just to |
| 09:05AM | 15 | satisfy any concerns that the Court may have and placed that |
| 09:05AM | 16 | in the conclusion, Judge. |
| 09:05AM | 17 | THE COURT: Okay. |
| 09:05AM | 18 | MR. FOGG: Respectfully, Judge, you know, we |
| 09:05AM | 19 | respectfully request that you take into great consideration |
| 09:05AM | 20 | and I know the Court did and I thank the Court for the |
| 09:05AM | 21 | opportunity to be heard on this issue. I know the Court is |
| 09:05AM | 22 | concerned and I know the Court will take the time to |
| 09:05AM | 23 | contemplate the factual situations and the elements that are |
| 09:05AM | 24 | required. |
| 09:05AM | 25 | THE COURT: Anything further from the government? |

|  |  |  |
|---|---|---|
| 09:05AM | 1 | MR. PARISI:  I would just like to note that the |
| 09:05AM | 2 | defendant did have prior convictions, two misdemeanors and two |
| 09:05AM | 3 | felonies in state court, I believe starting in 2004, then |
| 09:06AM | 4 | 2008, 2011, and 2014; two of which again, he received those |
| 09:06AM | 5 | sentences of probation and is alleged to have committed the |
| 09:06AM | 6 | acts that are currently under indictment. |
| 09:06AM | 7 | THE COURT:  I'll consider the matter submitted.  I'll |
| 09:06AM | 8 | have a decision out by the end of the week. |
| 09:06AM | 9 | MR. FOGG:  Thank you, Judge.  See you later today. |
| 09:06AM | 10 | THE COURT:  Court will be in recess. |
| 09:06AM | 11 | THE CLERK:  All rise. |
| 09:06AM | 12 | MR. FOGG:  Thank you, Judge. |
| 09:06AM | 13 | (Proceedings ended.) |

```
 1                  *    *    *    *    *    *    *

 2

 3              I certify that the foregoing is a

 4         correct transcription of the proceedings

 5         recorded by me in this matter.

 6

 7

 8

 9                              s/ Megan E. Pelka, RPR

10                              Court Reporter,
```