```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF NEW YORK

                                                          VOL. VII

    UNITED STATES OF AMERICA,        )
                                     ) Case No. 1:15-CR-00033
                                     )           (RJA)(HBS)
                    Plaintiff,       )
                                     )
    vs.                              ) April 27th, 2018
                                     )
    AARON HICKS,                     )
                                     )
                    Defendant.       )


              TRANSCRIPT OF JURY TRIAL PROCEEDINGS
             BEFORE THE HONORABLE RICHARD J. ARCARA
               SENIOR UNITED STATES DISTRICT JUDGE



    APPEARANCES:

    For the Plaintiff:    JAMES P. KENNEDY, JR.
                          UNITED STATES ATTORNEY
                          BY:  PAUL PARISI, ESQ.
                               WEI XIANG, ESQ.
                          ASSISTANT UNITED STATES ATTORNEYS
                          138 Delaware Avenue
                          Buffalo, NY 14202

    For the Defendant:    ROBERT ROSS FOGG, ESQ.
                          69 Delaware Avenue, Suite 600
                          Buffalo, NY 14202

    Court Reporter:       MEGAN E. PELKA, RPR
                          Robert H. Jackson Courthouse
                          2 Niagara Square
                          Buffalo, NY 14202
```

| | | |
|---|---|---|
| 09:25AM | 1 | (The jury entered the room at 9:32 a.m.) |
| 09:34AM | 2 | THE CLERK: Criminal action 2015-33A. United States |
| 09:34AM | 3 | v. Aaron Hicks. Jury trial. Counsel, please state your name |
| 09:34AM | 4 | and the party you represent for the record. |
| 09:34AM | 5 | MR. PARISI: Good morning. Paul Parisi and Wei Xiang |
| 09:34AM | 6 | for the United States. |
| 09:34AM | 7 | MR. FOGG: Good morning, Your Honor, ladies and |
| 09:34AM | 8 | gentlemen. Robert Ross Fogg for Aaron Hicks who is present in |
| 09:34AM | 9 | court. |
| 09:34AM | 10 | THE COURT: Good morning, everyone. How is everyone |
| 09:34AM | 11 | this morning? |
| 09:34AM | 12 | (An off-the-record discussion was held.) |
| 09:36AM | 13 | THE COURT: Let's get back to the serious business of |
| 09:36AM | 14 | this trial. Good morning, everyone. All right. Government |
| 09:36AM | 15 | has rested. Mr. Fogg, do you have any? |
| 09:36AM | 16 | MR. FOGG: Thank you, Judge. Defense rests. We |
| 09:36AM | 17 | don't have any witnesses, Your Honor. |
| 09:37AM | 18 | THE COURT: Oh, okay. That's absolutely -- defense |
| 09:37AM | 19 | has no burden to prove anything or call any witnesses. That's |
| 09:37AM | 20 | their right. They have no obligation whatsoever. Ladies and |
| 09:37AM | 21 | gentlemen, could you please go in the jury room for a second? |
| 09:37AM | 22 | This may be a shorter day than I anticipated. |
| 09:37AM | 23 | (The jury left the room at 9:37 a.m.) |
| 09:37AM | 24 | THE COURT: All right. I guess that ends the |
| 09:37AM | 25 | testimonial part of the trial. All right. I guess what -- I |

```
09:37AM   1    said we would sum up on Monday.  Does anyone want to do it
09:38AM   2    today or do you want to wait 'til Monday?
09:38AM   3            MR. FOGG:  Can we wait until Monday, Judge?
09:38AM   4            THE COURT:  Yeah I -- do you have any objection to
09:38AM   5    that?
09:38AM   6            MR. PARISI:  No objection, Your Honor.
09:38AM   7            THE COURT:  Okay.  Then, I'll just send the jury home
09:38AM   8    and we can spend time today on the jury charge.  My
09:38AM   9    understanding is that one conspiracy charge in the indictment
09:38AM  10    you may move to dismiss that part or I'm getting -- I didn't
09:38AM  11    get a full story.  I just heard there might be a possibility.
09:38AM  12    I don't know what the government --
09:38AM  13            MR. FOGG:  Your Honor, I didn't get a chance to
09:38AM  14    review this with my client.
09:38AM  15            THE COURT:  Oh, okay. Well, why don't we do this,
09:38AM  16    we've got the rest of the day.
09:38AM  17            MR. FOGG:  Okay.
09:38AM  18            THE COURT:  So, why don't we see if we can wrap
09:38AM  19    things up this morning so you can have the afternoon to
09:38AM  20    prepare and we'll go from there.  I'll send the jury home and
09:38AM  21    we'll have the summations on Monday morning.  What does the
09:38AM  22    calendar look like on Monday?  How long will your summations
09:39AM  23    be, just approximate?
09:39AM  24            MR. XIANG:  I would assume about an hour.
09:39AM  25            THE COURT:  And Mr. Fogg?
```

```
09:39AM   1           MR. FOGG:  Judge, if you could just yell at me, I'll
09:39AM   2   stop within 15 minutes, but I know you're not going to do that
09:39AM   3   and I can't promise you anything less than maybe an hour and a
09:39AM   4   half, you know?  I always anticipate less and then somebody
09:39AM   5   has got to stop me, so.
09:39AM   6           THE COURT:  All right.  Well, I got a couple of real
09:40AM   7   quick ones at 9 o'clock.  I'd like to start at 9.  So, we'll
09:40AM   8   try for 9 o'clock on Monday.
09:40AM   9           MR. FOGG:  Nine o'clock?
09:40AM  10           THE COURT:  We'll go for 9, yeah.  All right.  Let's
09:40AM  11   bring the jury back and send them home.
09:41AM  12   (The jury entered the room at 9:41 a.m.)
09:41AM  13           THE COURT:  Ladies and gentlemen, I've been advised
09:41AM  14   that the defense will rest.  So, the next part of the trial is
09:41AM  15   the summations of the lawyers and the charge of the jury and I
09:41AM  16   have to take up some matters with the attorneys, which it
09:41AM  17   happens in every case.
09:41AM  18           So, I'm going to send you home extra early today.  I
09:41AM  19   don't want to have you sitting around.  This might take some
09:42AM  20   time.  I have to deal with the lawyers on some matters.  So,
09:42AM  21   rather than have you just sit around, we'll send you home and
09:42AM  22   we'll start at 9 o'clock on Monday.  Okay?  That's when we'll
09:42AM  23   have the closings of the summations from the attorneys.  I
09:42AM  24   will then instruct you on the law and then the case will be
09:42AM  25   given to you probably some time in the early afternoon on
```

```
09:42AM   1   Monday, okay?  So, we're within the timeframe that we had
09:42AM   2   talked about.  So, you have the day off.  Don't look so sad.
09:42AM   3   (An off-the-record discussion was held.)
09:42AM   4            THE COURT:  Enjoy the weekend, folks and we'll see
09:42AM   5   you Monday morning at 9 o'clock.  Again, don't discuss this
09:42AM   6   case with anyone.  Do not discuss it among yourselves.  Those
09:42AM   7   aren't just words.  Wait until the case is given to you for
09:42AM   8   your deliberation and your verdict.  Have a nice afternoon and
09:42AM   9   weekend, folks.
09:42AM  10   (The jury left the room at 9:42 a.m.)
09:43AM  11            THE COURT:  All right.  Why don't we just adjourn and
09:43AM  12   we'll come back here about 2 o'clock and you'll have a chance
09:43AM  13   to look at the charge and put anything on the record and I'll
09:43AM  14   deal with any objections to the charge, okay?
09:43AM  15            MR. FOGG:  Okay.
09:43AM  16            THE COURT:  Gives you enough time.  You can talk to
09:43AM  17   Mr. Hicks, Mr. Fogg.  You have the whole morning to talk to
09:43AM  18   him and discuss it with him.  You have got a copy of the
09:43AM  19   draft?
09:43AM  20            MR. PARISI:  We do.
09:43AM  21            MR. FOGG:  There seems to be a difference in page
09:43AM  22   numbers, so I don't know.  I just want to make sure I have
09:43AM  23   them.
09:43AM  24            THE COURT:  You gentlemen can talk to each other
09:44AM  25   right now.
```

```
09:44AM   1                MR. FOGG:  Yeah.
09:44AM   2                THE COURT:  Two o'clock.  I think that's a fair time.
09:44AM   3                MR. FOGG:  Thank you, Judge.
09:44AM   4                MR. PARISI:  Thank you.
09:44AM   5                THE CLERK:  All rise.
01:48PM   6     (A recess was taken.)
01:48PM   7                THE CLERK:  Criminal action 2015-33A.  Unites States
02:20PM   8     v. Aaron Hicks.  Status conference regarding objections to
02:20PM   9     charge.  Counsel, please state your name and the party you
02:20PM  10     represent for the record.
02:20PM  11                MR. PARISI:  Paul Parisi and Wei Xiang for the United
02:20PM  12     States.
02:20PM  13                MR. FOGG:  Attorney Robert Ross Fogg for Aaron Hicks,
02:20PM  14     who is present in court.
02:20PM  15                THE COURT:  Good afternoon, gentlemen.  I know you've
02:20PM  16     had discussion with my confidential law clerk regarding the
02:21PM  17     charge.  I understand there's no problem.  I understand the
02:21PM  18     government had indicated that they would like to maybe remove
02:21PM  19     the racketeering act of the conspiracy.  Well, the one count
02:21PM  20     is -- this is a one-count indictment here.  It's a
02:21PM  21     racketeering conspiracy.
02:21PM  22                And then, within that, there's an overt act,
02:21PM  23     conspiracy to distribute -- with intent to distribute cocaine,
02:21PM  24     cocaine base, marijuana and heroin and it's -- I remember the
02:21PM  25     first trial.  This was very, very confusing to say the least
```

```
02:21PM   1   and I don't -- I'm thinking of taking it out because I think
02:21PM   2   it's very difficult for the -- well, it's difficult for the
02:21PM   3   Court to understand -- well, I understand it, but I can't
02:21PM   4   imagine a jury really comprehending it because the overall
02:21PM   5   umbrella a racketeering conspiracy and the elements are
02:21PM   6   somewhat different.  Now, Mr. Fogg, are you, in any way at
02:22PM   7   all, prejudiced by this?
02:22PM   8              MR. FOGG:  I think so, Judge.
02:22PM   9              THE COURT:  How are you prejudiced by it?
02:22PM  10              MR. FOGG:  Sure.  I'll take you through my mind here.
02:22PM  11   The fact is that the racketeering conspiracy -- you can have a
02:22PM  12   conspiracy to be involved in a racketeering activity, but then
02:22PM  13   you also conspire to do one with of those activities.  If you
02:22PM  14   remove the conspiracy to commit the controlled substance, then
02:22PM  15   you're simply saying that all you've got to do to be guilty is
02:22PM  16   to agree to conspire to racketeering.
02:22PM  17              The fact is, in U.S. v. Gotti and Ideligo (phonetic),
02:22PM  18   some of the guys who conspired to commit murder were found
02:22PM  19   guilty for conspiring to commit murder and racketeering.  The
02:22PM  20   guys who were conspiring to do gambling acts were only guilty
02:22PM  21   of gambling acts and racketeering.  The murder guys and the
02:22PM  22   gambler guys we're not convicted of conspiracy to do each
02:22PM  23   other's crime.  We're going down a different branch and you're
02:23PM  24   only requiring conspiracy once.
02:23PM  25              THE COURT:  How are you prejudiced by this?
```

02:23PM  1       MR. FOGG:  Because number one, it is in the
02:23PM  2  indictment.
02:23PM  3       THE COURT:  That's not a good reason.
02:23PM  4       MR. FOGG:  And number two, all you have to do is find
02:23PM  5  one level of conspiracy.  That's it.  But you see, if he's
02:23PM  6  conspiring to do racketeering, but he's not --
02:23PM  7       THE COURT:  He's conspiring to commit a conspiracy.
02:23PM  8  That's why it's so difficult to comprehend.
02:23PM  9       MR. FOGG:  But that's the very nature of the
02:23PM  10 racketeering charge itself.  Maybe Congress needs to step in
02:23PM  11 and change it, but I would say it should stay that way because
02:23PM  12 that's exactly what happens.  This guy -- Aaron may not have
02:23PM  13 ever conspired to actually traffic cocaine, maybe just
02:23PM  14 marijuana.  So, if that's the case, he could be found guilty
02:23PM  15 of racketeering, but not racketeering and conspiracy for
02:24PM  16 cocaine, maybe just the marijuana.  It does sound confusing,
02:24PM  17 but the racketeering charge --
02:24PM  18      THE COURT:  Would there be any different proof?
02:24PM  19 There's no different proof.
02:24PM  20      MR. FOGG:  I think what it is, Judge, it's different
02:24PM  21 levels of culpability at different times based on the facts
02:24PM  22 and that is for the trier of fact to determine.  We should not
02:24PM  23 take that away from them.
02:24PM  24      THE COURT:  What's the government's position on this?
02:24PM  25      MR. XIANG:  Judge, I think with the 846 conspiracy

```
02:24PM   1   being an act within the pattern of racketeering activity
02:24PM   2   duplicative here because the 846 conspiracy is a conspiracy to
02:24PM   3   commit 841(a)(1).  And 841(a)(1), the substantive distribution
02:24PM   4   or possession with intent to distribute, is itself also a
02:24PM   5   racketeering act.
02:24PM   6              So, the -- we can have the RICO conspiracy, you know,
02:25PM   7   conducting the affairs of the enterprise through a pattern of
02:25PM   8   racketeering activity being the substantive position or
02:25PM   9   distribution of controlled substance, as well as conspiracy to
02:25PM  10   do the same exact thing.  So, it is a little bit circular with
02:25PM  11   the 846 because it almost double counts the 841, because the
02:25PM  12   841 is a racketeering act by itself and then, it's also an
02:25PM  13   object of the racketeering act that's the 846.  So, for that
02:25PM  14   reason, I think that's why removing the 846 --
02:25PM  15              THE COURT:  The evidence wouldn't have been any
02:25PM  16   different, correct?
02:25PM  17              MR. XIANG:  Correct.  That's why I think it doesn't
02:25PM  18   prejudice anyone.  I get what defense counsel is saying, that
02:25PM  19   it's what the indictment says, but the -- here, we're not
02:25PM  20   making the proof or the elements any simpler.  It's not like
02:25PM  21   we're amending the indictment to make it easier to prove.  The
02:26PM  22   underlying proof would actually still be exactly the same
02:26PM  23   because of how the 846 is subsumed within both the 846 and the
02:26PM  24   RICO conspiracy directly.
02:26PM  25              THE COURT:  Mr. Fogg, you wouldn't have tried the
```

| | | |
|---|---|---|
| 02:26PM | 1 | case any differently. |
| 02:26PM | 2 | MR. FOGG:  No, I would have moved, just as I did move |
| 02:26PM | 3 | to preclude or actually say it's double jeopardy.  That's what |
| 02:26PM | 4 | I would have done.  The fact is, is that -- |
| 02:26PM | 5 | THE COURT:  But you wouldn't have tried the case any |
| 02:26PM | 6 | differently.  This is what will affect your -- |
| 02:26PM | 7 | MR. FOGG:  I tried the case on the basis of the facts |
| 02:26PM | 8 | that they presented and the evidence that they presented. |
| 02:26PM | 9 | Right now, I rested on the evidence that they presented.  And |
| 02:26PM | 10 | the evidence that they presented and lack thereof, I rested. |
| 02:26PM | 11 | Now, we're going to take that away from me.  It does prejudice |
| 02:26PM | 12 | me because I rested for a specific purpose.  We made a |
| 02:26PM | 13 | strategy, a determination, based on what we heard. |
| 02:26PM | 14 | THE COURT:  What would you have added had it not been |
| 02:26PM | 15 | there?  What difference would it have made?  What would you |
| 02:27PM | 16 | have done differently? |
| 02:27PM | 17 | MR. FOGG:  It would all depend on the facts and the |
| 02:27PM | 18 | evidence and the witnesses that they call. |
| 02:27PM | 19 | THE COURT:  You've heard it. |
| 02:27PM | 20 | MR. FOGG:  I sure have. |
| 02:27PM | 21 | THE COURT:  What would you have done any differently? |
| 02:27PM | 22 | MR. FOGG:  If I decided? |
| 02:27PM | 23 | THE COURT:  No, if I -- if the fact of the conspiracy |
| 02:27PM | 24 | to possess with intent to distribute is taken out? |
| 02:27PM | 25 | MR. FOGG:  Well, the question is, well, who did he |

```
02:27PM   1    conspire with to actually distribute the cocaine?
02:27PM   2              See, we're taking away a layer of culpability and
02:27PM   3    we're only charging him under the umbrella of racketeering and
02:27PM   4    everything else below it, because if the jury could not find
02:27PM   5    that sublayer of responsibility, then they do have a problem
02:27PM   6    with the racketeering activity and he should be found not
02:27PM   7    guilty of the racketeering, unless they take another branch.
02:27PM   8              Right now, this is prejudicial.  He's being charged
02:27PM   9    with multiple acts involving murder, multiple acts involving
02:27PM  10    trafficking.  Give me the multiple acts.  You've already given
02:28PM  11    it to me.  I've made my opening based on that.  I've devised
02:28PM  12    my strategy based on that.
02:28PM  13              THE COURT:  What would you have done any differently?
02:28PM  14    What would you have done any differently?
02:28PM  15              MR. FOGG:  Judge, you know --
02:28PM  16              THE COURT:  It's the same evidence.
02:28PM  17              MR. FOGG:  Judge, how I go about handling it, I can't
02:28PM  18    tell you right now how I'd do it differently.  The whole idea
02:28PM  19    is that you are taking it away from me, you know, it would be
02:28PM  20    taken away from me.  This is no different than the last time,
02:28PM  21    but the last time --
02:28PM  22              THE COURT:  Well, I remember when I instructed the
02:28PM  23    jury the last time on it, it was very, very confusing.
02:28PM  24              MR. FOGG:  We had a specific verdict and we required
02:28PM  25    the decision on up or down on the weight and up or down on
```

02:28PM 1  this one.  Right now, we don't have to have a special verdict.
02:28PM 2  This is still part of it.  I believe what was really confusing
02:28PM 3  was, if you say yes to this and say no to that, then you must
02:28PM 4  say yes to this.  This seems to be very straightforward and
02:28PM 5  it's -- the way the statute is read, it's the way the statute
02:28PM 6  is recorded, it's what we did the last time minus the
02:29PM 7  confusing part.  I say it is prejudicial to my client and --
02:29PM 8           THE COURT:  I don't see how.
02:29PM 9           MR. FOGG:  I'd object.  I'd object, Judge.  This is
02:29PM 10 not the case for which he was charged.
02:29PM 11          THE COURT:  All right.  I'll charge it.  I think
02:29PM 12 you're wrong, but I'll give you the benefit on it.  I really
02:29PM 13 do.
02:29PM 14          MR. FOGG:  Why do you think I'm wrong?
02:29PM 15          THE JUDGE:  I don't think you're prejudiced at all.
02:29PM 16 It's the same evidence in the case.  It makes it much more
02:29PM 17 understandable.  And I remember when I charged the last time,
02:29PM 18 it was almost like I don't know why the government put that in
02:29PM 19 there, to be honest with you.  All right.  Well, I'll charge
02:29PM 20 it.  You want it, I'll charge it.  Okay.  Everything else is
02:29PM 21 okay I guess?
02:29PM 22          MR. FOGG:  One other question.
02:29PM 23          THE COURT:  The word heroin you want out, the
02:29PM 24 government wants out?
02:29PM 25          MR. FOGG:  It should stay in.  It's all part of

```
02:29PM   1    the --
02:29PM   2             THE COURT:  All right.  We'll leave it in.
02:30PM   3             MR. FOGG:  The one question I did have, Judge, is on
02:30PM   4    the premeditated on the murder.  I know -- I checked with
02:30PM   5    Mr. Kruly.  He said it was in the last time.  I'm trying to
02:30PM   6    figure out how it applies here.
02:30PM   7             THE COURT:  It's in the New York -- the statute --
02:30PM   8    the elements of the New York State law.  We're going to charge
02:30PM   9    it.
02:30PM  10             MR. FOGG:  No, no.  You're absolutely right.  I'm
02:30PM  11    sorry, Judge, I see it.  All right.
02:30PM  12             THE COURT:  All right.  See you Monday morning at 9
02:30PM  13    o'clock.
02:30PM  14             MR. FOGG:  See you Monday morning, Judge.  Thanks.
02:30PM  15             THE CLERK:  All rise.
02:30PM  16    (Proceedings concluded.)
         17
         18
         19
         20
         21
         22
         23
         24
         25
```

1               *     *     *     *     *     *     *

3           I certify that the foregoing is a
4       correct transcription of the proceedings
5       recorded by me in this matter.

9                               s/ Megan E. Pelka, RPR
10                              Court Reporter,