UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-vs-

RODERICK ARRINGTON,
      Defendant.

Indictment No.:15-CR-33-A

DEFENDANT'S STATEMENT
WITH RESPECT TO
SENTENCING FACTORS

   The Defendant, through his attorney, received the presentence report (PSR). Pursuant to the plea agreement, Defendant makes no motions for downward departure. Rather, this filing is to advise the Court of several issues that Mr. Arrington submits are relevant to determining his sentence.

## I.  INTRODUCTION AND LETTERS OF SUPPORT

   As an initial matter, the Defendant has pleaded guilty and acknowledges his guilt in the instant offense. He accepts responsibility for his conduct, understanding that his offense requires the appropriate attention of the court. The Court is familiar with the unique procedural history of this case, and the long, twisted road that has gotten us to the point of this sentencing. Mr. Arrington has already been incarcerated for a very long time, and is very mindful of the

1

consequences of the commission of a crime. Accordingly, Mr. Arrington has the Defendant has already experienced substantial rehabilitation and is dedicated to never again making the mistakes in judgment that lead to his becoming involved in the instant offense.

Mr. Arrington admitted his involvement in the crimes in this matter. He now stands before the Court for sentencing.

Of course, the Defendant recognizes that the offense requires the appropriate attention of this Court and in submitting this Memorandum it is not suggested that the Defendant not be held accountable for his actions. It is requested, however, that the Court carefully consider all relevant factors in determining the appropriate sentence in this case. These factors include not only the Defendant's conduct that lead to his arrest and conviction, but also the Defendant's conduct since being charged and pleading guilty. Accordingly, the Defendant raises the following issues to consider in imposing sentence upon the Defendant.

Attached as an Exhibit to this statement are several letters, earlier submitted at a detention proceeding, from friends and family declaring their support of MR. Arrington. The letters show Mr. Arrington's qualities as a friend, family member, father, and man. The following individuals have submitted letters:

2

Carol Livingston

Carrie Wilson

Dean Williams

Lakea Jones

Michelle Rezabek

Shayla Williams

Sherelle Williams

Terrence Stroud

## II. THE SENTENCE CONTEMPLATED BY THE PLEA AGREEMENT, AND PROVIDED FOR UNDER RULE 11(c)(1)(C), IS APPROPRIATE IN THIS MATTER.

This Court should sentence Mr. Arrington within the range contemplated by the plea agreement.

The plea agreement was entered into after prolonged consideration and deliberation on both sides, as well as a trial, appeal, and subsequent mistrial. The relative strengths and weaknesses of all factual allegations were known to prosecution and defense alike. Both sides were in a position to estimate accurately the strengths and weaknesses of their respective cases, as well as the relative sentences being imposed upon co-conspirators. The agreed upon sentence was considered fair and reasonable under all of the circumstances, and it is respectfully

requested that this Court impose the agreed upon sentence.

It is respectfully submitted that the Court should sentence Mr. Forbes to the sentence contemplated by the plea agreement.

### III. MR. ARRINGTON REQUESTS THAT THIS COURT RECOMMEND THAT HE PARTICIPATE IN SPECIFIC DRUG PROGRAMS.

The Defendant respectfully requests that this Court, as a part of the sentence imposed upon him, authorize the Defendant to participate in the Bureau of Prisons' Drug Rehabilitation Program pursuant to the Bureau of Prisons' Program Statement 5330.10.

Because Mr. Arrington had been sentenced on the earlier, vacated conviction, and because he appears in District Court pursuant to a Writ, he understands that he will be returned to Allenwood after sentencing. When returned to Allenwood, he will be reclassified based on the conviction to which he has pled guilty. This will result in a lower classification, and will make him eligible for numerous programs.

Mr. Arrington requests that the Court recommend he stay at Allenwood. FCI Allenwood has medium and low security units, in addition to the maximum security unity where he was previously housed. Additionally, we request that the Court recommend the following Drug Programs:

4

  The Residential Drug Abuse Program (RDAP)

  The First Step Act Drug Program

  The Second Chance Act Halfway House

In the case of the Defendant, his Pre-Sentence Investigation Report establishes that the Defendant has had substance issues in the past. PSI ¶¶ 99-103. Mr. Arrington began using marijuana on a daily basis from the time he was 11 years old. From 2011 until the time he was arrested, he was abusing prescription medication, including Lortam, Percocet, and Xanax. He also noted that he abused heroin on one occasion and abused ecstasy on a daily basis for a three-year period. In addition, he abused alcohol on a daily basis starting at the age of 12. The Defendant now recognizes that he has a substance abuse problem, and that this contributed to his conduct in the instant offense. Accordingly, the Defendant would respectfully submit that he qualifies for participation in the program and respectfully requests that the Court, as a part of the sentence imposed upon him, authorize his participation in the Bureau Treatment Program.

 **IV. MR. ARRINGTON REQUESTS THAT ANY HALFWAY HOUSE RESIDENCY BE SERVED IN COLOUMBUS, OHIO**

Mr. Arrington's son and ex-wife still reside in the Buffalo, New York area. Recently, each of them have received telephone calls threatening harm to Mr.

Arrington when he is released to a halfway house. Accordingly, Mr. Arrington requests that he be released to a halfway house in Columbus, Ohio.

A couple of months ago, as it became apparent that Mr. Arrington was going to plea, and that the plea agreement would result in his eventual release from prison, Mr. Arrington's son, Roderick, L. Arrington (22 years old), received a telephone call form an individual stating that he would kill Mr. Arrington when Mr. Arrington was released. The caller specifically referenced the Glenwood Street Halfway House on the East Side of Buffalo, and the caller further threated harm to Mr. Arrington's son as well. Mr. Arrington's ex-wife, Iesha Arrington, received similar telephone calls.

## V. NO FINE SHOULD BE IMPOSED, BASED UPON THE DEFENDANT'S INABILITY TO PAY.

The Defendant next contends that the PSI correctly recommends that the Defendant does not have the ability to pay a fine in the prescribed guideline range. PSR ¶ 116. Mr. Arrington submits that no fine should be imposed.

This Circuit has found that, although the defendant has the burden to prove that he cannot pay a fine, he can meet this burden by "an independent showing, or by reference to his pre-sentence report." United States v. Rivera, 22 F.3d 430, 440

(2nd Cir. 1994). A fine may be imposed where a defendant arbitrarily refuses to disclose pertinent information regarding his finances. United States v. Rosa, 11 F.3d 315, 344 (2nd Cir. 1993).

The Sentencing Guidelines, under §5E1.2(d), give specific elements which are to be considered by a district court in deciding whether or not to impose a fine. Among the enumerated items to consider are "the burden that the fine places on the defendant and his dependents relative to alternative punishments."

Based upon Mr. Arrington's incarceration and lack of income, he clearly has no current ability to pay a fine.

The Defendant would submit that he also has no future ability to pay a fine. In the event the Defendant is allowed to participate in the Inmate Financial Responsibility program, any extra monies he earns should go to addressing his future and his potential for a law-abiding life once he has completed his sentence. If a fine is imposed, it will result in funds being diverted from his family. The Defendant submits that monies earned would be better placed with his son, rather than the government. For this reason, no fine should be imposed.

### VI: MR. ARRINGTON HAS ALREADY PAID MORE OF THE MANDATORY SURCHARGE THAN WILL BECOME DUE, AND SHOULD BE ENTITLED TO A CREDIT

At his earlier, now vacated sentencing, Mr. Arrinton had been ordered to pay

a mandator assessment of $700, $100 for each count. At the time that the conviction was reversed, he had paid approximately $350 of this. He now stands convicted of 1 count, and should be required to pay a $100 mandatory assessment. It should be noted that the monies have already been paid, and then some, and the overpayment should be returned to Mr. Arrington.

## VII: REQUEST FOR SENTENCING TRANSCRIPT

In Court on December 5, 2023, Mr. Arrington had indicated to the Court that he was requesting a copy of his sentencing transcript, and the Court indicated that it would be provided. Mr. Arrington requests that the transcript be delivered to his Mother, Annette Harden, 68 Arden Avenue, Buffalo, NY 14215, and to him at #23778-055, United States Penitentiary, Allenwood Main Access Road, Allenwood, PA 17810.

Should the court require assistance in facilitating this, the undersigned remains available to complete any paperwork or facilitate any delivery.

## VIII. FACTUAL CORRECTIONS

On page 8 of the PSR, Paragraphs 1 and 2 set forth the details of the initial indictment, the earlier, reversed jury verdict, and the initial sentence. While factually correct, Mr. Arrington objects to the inclusion of these paragraphs in the PSR. The paragraphs contain details that are not relevant to the count to which he

8

pled or the sentence to which he has agreed.

## CONCLUSION

The Defendant respectfully requests that the Court the factors enumerated above in determining Mr. Arrington's sentence.

Dated: Rochester, New York  
January 12, 2024

Respectfully submitted,

S/ Peter J. Pullano  
Peter J. Pullano, Esq.  
**Tully Rinckey PLLC**  
Attorneys for RODERICK ARRINGTON  
Office and P.O. Address:  
400 Linden Oaks, Suite 110  
Rochester, New York 14625  
(585) 492-4700  
PPullano@tullylegal.com

UNITED STATES FOR THE WESTERN
DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                                                    **CERTIFICATE OF SERVICE**

-vs-                                            **15-CR-33-A**

**RODERICK ARRINGTON**

       I hereby certify that on January 12, 2024, I electronically filed the foregoing DEFENDANT'S STATEMENT WITH RESPECT TO SENTENCING FACTORS with the Clerk of the District Court using CM/ECF system which would then electronically notify all CM/ECF participants on this case.

                                                s/ Peter J. Pullano
                                                Peter J. Pullano, Esq.
                                                **Tully Rinckey PLLC**
                                                Attorneys for RODERICK ARRINGTON
                                                Office and P.O. Address:
                                                400 Linden Oaks, Suite 110
                                                Rochester, New York 14625
                                                (585) 492-4700
                                                PPullano@tulllylegal.com

Dear Judge Wolford,

My name is Michelle Rezabek. I have been a family friend of Roderick Arrington for 10 years. Mr. Arrington is an outstanding man, an excellent father to all 3 of his children and a role model to his nieces and nephews. I hope you can take it in to consideration on giving Mr. Arrington a Second Chance.

Thank you

M. Rezabek

To whom it may concern;

I'm writting this letter on behalf of Mr. Arrington, wishing this letter reaches your concideration of my big cousin coming home to his family its so many reasons why but I will just explain a couple.

His children miss him dearly they have lost so much time birthdays holidays family gatherings at the waterparks etc. road trips, he is one of the funniest men we have in our family if you could just be there to understand how comical he is and we miss that so much he use to have my stomache and cheeks hurting from laughing so hard. We have lost so many people in our family, and to still have one person with breathe in his body, and able to still share these moments in life that we have left would be so great. I can honestly go on and on but I wont I honestly beleive that one day he will be able to do these things with family again.

To whom it may

I'm writting this letter on behalf of Mr. Arrington. I have known him for about 18 yrs an I have never end seen him mad he so silly & funny and a high light of his family he is the glue that holds his family together so many family members has their unexpected wings we getting older Mr Arrington kids miss him dearly and so do the rest of my family. Please don't take him away he is a great person inside out & would give you the shirt off his back. I was stuck at work his Cousin got up at 1 something in the morning out his sleep cause the cabs was taking extremely long. He just loved an he deserves a change to prove why he needs a second chance at life

To The Honorable Judge

Ms Woofer.

On The behalf Of Roderick Arrington A brother. A friend And A Great father. And A Good Son. He is very Missed I Really miss Talking To him And His Time. Hes The Glue To Our Family. And has Always Been A God Fearing Man. We Attend The United House Of prayer for All people. We have been playing on A Brass Band Since We Was Kids. By The Grace Of The Almighty GOD. Can you please Give Him A Second Chance To be with his Family And Kids.

I Can Promise He is not A Flight Risk. He's A man Of His Word! Always have been. please Grant Him A Second Chance. His kids And Family Misses Him Dearly.

Sincerely.
Terrence Stroud.

TO: Judge Wofford.

I am Roderick Arrington's Aunt. He is a very kind and loving person. His babies need him in his life so bad. His one daughter Ramiah, dosen't even know him, she does But she has never really had time to spend with him. Roderick is no flight risk if u let him come home. I love him. He is a very gooooood person. Please consider on giving Him a chance at Life. Thank u Judge Wofford for even reading my letter
  Sincerly His aunt
  Carol Livingston

To Judge Wofford                                    11-30-2022

    I'm writing you this letter on the behalf of my brother Roderick Arrington who been incarcerated for 8 years of his life for something he didn't do. He missing out on his kids accomplishments, and be a family man. He was a family man before all of this happen. This has change all of our life. We miss him so much it would be a blessing to have him back in our life for the better. I will be there every step of the way to help him with whatever he needs. We have been talking about owning our own family business and when he is released. I'm too I'm working on my own business in the health care field and I would love him to be a part of it. He will be a great asset to our community he will be active and busy working on redeeming hisself and stay out the way of any criminal activities. I believe he had enough of those mishaps. We all have dreams and goals we are working to achieve. So with that being said he is no threat to this community.

                Sincerly, Carrie Wilson

Dear Judge Wofford

Hello my name is Dean Williams one of Roderck Arrington Cousins. I just want to let you know that my cousin is very missed as a father, brother and Cousin. He is a great man that took care of us when we would leave our parents home. He always gave us a long talk about not running around in the streets beavse its nothing that can come out of it. My Cousin was one that would come pick me up for school to make sure i was there. we did alot of family things and seeing him away for so long is getting to me because who can i call when i need someone to tak to. Im Just praying that you can find mercy in him and have faith in him changing.

Thanks Your honor

To whom it May Concern: 11/27/22

I'am writing This Letter Regards to my Brother in-Law and also the uncle of my 2 Children (King, Queen) and also the father of my (niece), my (Sister's) daughter) Rassiah Arrington.

I'am stating that My Brother in-Law is a wonderful father, uncle, Brother Son to his Family. Rodrick Loves family, time and also Love to get his family Together For gatherings. and what not Rodrick Arrington is Very Caring he loves hard, he will give you his last and his shirt off his Back to help any one in need. Rodrick family misses him dearly and cannot wait unitl he's Back with the Family again, he's a great Role Model and in this world today we

the family, his children, his nieces, and nephews Cousin's aunty, uncles need him at this point Because He's Very Much the uncle/dad of the family. I Can Continue on, But By that Being Said where talking about a Great Man that Can Change the world Very Smart and Intelligent. iF any Questions I'm avail For any Questons

(716) 313-5904

Thanks a Caring Little Sister !!

Lakeoa Jones

To The Honorable Judge

Ms Woofer.

On The behalf Of Roderick Arrington A brother. A Friend And A Great Father. And A Good Son. He is very Missed I Really miss Talking To him And His Time. Hes The Glue To Our Family. And has Always Been A God Fearing Man. We Attend The United House Of prayer for All people. We have been playing on A Brass Band Since We Was Kids. by The Grace Of The Almighty God. Can you please Give Him A Second Chance To be with his Family And Kids.

I Can Promise He is not A Flight Risk. He's A man Of His Word! Always have been. please Grant Him A Second Chance. His kids And Family Misses Him Dearly.

Sincerely,
Terrence Stroud.